**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 95-5659

BRIDGETTE MARLENE LAPIERRE,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., District Judge.
(CR-95-19)

Submitted: May 16, 1996

Decided: May 31, 1996

Before RUSSELL, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Timika Shafeek, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bridgette Lapierre appeals from her conviction of possession with intent to distribute cocaine and marijuana in violation of 21 U.S.C.A. § 841 (West 1981 & Supp. 1995). Lapierre claims that the evidence was insufficient to sustain the jury's verdict and that the district court erred in denying her motion for a new trial based on newly discovered evidence. We affirm.

We review the sufficiency of the evidence in the light most favorable to the government to determine whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942). All reasonable inferences from the evidence must be viewed in the light most favorable to the government. United States v. Giunta, 925 F.2d 758, 764 (4th Cir. 1991). Further, in resolving issues of substantial evidence, this court does not weigh evidence or review witness credibility. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

The evidence adduced at Lapierre's trial established that, on the morning of January 19, 1995, Lapierre was approached by two police officers at the Greensboro, North Carolina airport. Lapierre had just deboarded a Continental Airlines flight from Newark, New Jersey, and the officers (who were part of a Drug Interdiction Task Force) had observed her acting suspiciously (nervously clutching a black leather duffel bag). When asked why she had come to North Carolina, Lapierre stated that she had come to care for a disabled relative who lived in North Carolina, but that she did not know in what city the relative lived.

Lapierre consented to a search of the bag which had a combination lock on it. After she was unable to open the lock, Officer Kowalski asked Lapierre for the combination, and she replied"6-0-4." Using

2

this combination, Kowalski opened the bag and began removing articles of clothing. At the bottom of the bag was a package wrapped in gray duct tape. When Kowalski removed the package--which contained six pounds of marijuana--Lapierre denied ownership of the bag, claiming that she must have picked up the wrong bag on the plane or en route. However, the parties stipulated that Continental Airlines reported no unclaimed luggage on any flights through either Greensboro or Newark on the day Lapierre was arrested, or the following day. The bag Lapierre was carrying, and which contained her boarding pass in an outside pocket, was ultimately found to contain 926.9 grams of cocaine hydrochloride and six pounds of marijuana. We find this evidence sufficient to sustain Lapierre's conviction.

After the jury returned its verdict, Lapierre filed a motion for a new trial based on newly discovered evidence claiming that the lock could be opened with a combination other than 6-0-4. Lapierre's attorney stated in the motion that he had opened the lock during closing arguments using a different combination. At the hearing on her motion, Lapierre presented the testimony of a locksmith who stated that the combination to the lock appeared to be 8-3-5 but that, due to damage to the lock mechanism, the lock could be opened using several other combinations, including 6-0-4. The Government noted, in its opposition to Lapierre's motion, that the lock had been handled by both counsels, government agents, defense investigators, and the jury and that, therefore, it was impossible to tell when the damage had occurred.

To obtain a new trial on the basis of newly discovered evidence, the defendant must show that the evidence is newly discovered, that he used due diligence to discover it earlier, that the evidence is not merely cumulative or impeaching, that the evidence is material, and that the evidence would probably result in an acquittal at a new trial. United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989). The denial of a motion for a new trial is reviewed for an abuse of discretion. United States v. Singh, 54 F.3d 1182, 1190 (4th Cir. 1995). We agree with the district court's conclusion that Lapierre's new evidence would not likely result in an acquittal at a new trial and, therefore, the denial of her motion was not an abuse of discretion.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materi-

3

als before the court and argument would not aid the decisional process.

AFFIRMED

4